THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. VÍCTOR PÉREZ, Defendant and Appellant.

No. 8488. Argued March 14, 1941.—Decided March 17, 1941.

252

*J. Valldejuli Rodríguez*, for appellant; *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney*, and *Luis Negrón Fernández, Assistant Prosecuting Attorney*, for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Ramón and Víctor Pérez were charged with an offense of adulteration of milk, consisting in offering for sale for human consumption cow milk adulterated with water. Ramón Pérez was acquitted and Víctor Pérez filed the present appeal against the judgment which was entered against him, condemning him to pay a fine of $25 or to spend one day in jail for each dollar in default and imposing upon him the costs of the proceeding.

The evidence was conflicting. That for the People tended to show that on May 3, 1939, at about 9:15 A.M., the Inspector of Health Luz Méndez Serrano went to a restaurant located in Arecibo and owned by Ramón and Víctor Pérez and took a sample of milk from a can which contained 15 quarts, which can he found in the refrigerator of the establishment. Said sample turned out to be adulterated. This fact was accepted by the defendant. The evidence for The People also tended to show that in said establishment coffee mixed with milk was sold; that Víctor Pérez who was not present at that time was the owner and that Ramón, his brother, in whose name the license of the establishment was issued, told the inspector that Víctor and he were partners.

The evidence for the defense consisted in the testimony of the defendants. Víctor testified that he was the owner of the establishment and that his brother Ramón worked with him; that he, Víctor, was in the establishment when the Inspector Luz Méndez Serrano came in and told him that he had taken a sample of some milk which had just been brought into the establishment, requesting him to sign the notice, to which the witness refused; that when the sample

was taken the milk was not yet in the refrigerator and that once the milk is received, the same is boiled and is used mixed with coffee for their own use and for sale.

The codefendant Ramón Pérez testified more or less in the same terms and admitted that the milk was used mixed with coffee and also in the manufacture of "lindberghs" (ice cream); and that he is storeclerk and not one of the owners of the establishment.

On rebuttal, Méndez Serrano testified that the sample was taken from the milk that was in the refrigerator and that there was no argument whatsoever in regard to this.

Víctor Pérez was again called to the stand by the defense and insisted that the sample was taken from a can which was on the ground. There is no doubt that in this case we are concerned with a public establishment where coffee mixed with milk was sold. The fact that the milk was not sold unless mixed with coffee, does not discharge the defendant of liability as owner of the establishment when it appears from the evidence that the milk, before being mixed with coffee, had been adulterated. The customer who buys coffee mixed with milk has the right to be served pure milk with the coffee. *People* v. *Blasco,* 33 P.R.R. 331; *People* v. *Lomba,* 44 P.R.R. 394.

■ It is no defense that no sales were effected in the presence of the complainant. We are concerned, as we have seen, with a public establishment whose business it is to sell, among other things, coffee mixed with milk for human consumption, and under such circumstances the fact of having the milk for sale, in the conditions above stated, constitutes a crime.

The errors assigned by the appellant not having been committed, the appeal must be dismissed and the judgment appealed from affirmed.